

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 3, 1947

Hon. B. B. Sapp
Director and Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. V-366

Re: Validity of rule of
Teacher Retirement
System concerning
eligibility of em-
ployees of State elee-
mosynary institutions
to membership in the
Teacher Retirement
System.

Dear Mrs. Sapp:

We refer herein to your letter of recent date
acknowledged by the Attorney General on August 5, 1947,
from which we quote as follows:

"On July 23rd the Board of Trustees of
the Teacher Retirement System ruled that as
of September 1, 1947, those employees of State
Eleemosynary Institutions who are members of
the Teacher Retirement System continue to be
considered as eligible for membership in the
Teacher Retirement System and be retained as
members of the Teacher Retirement System as
long as they occupy a position in any State
Eleemosynary Institution which was considered
an eligible position for membership in the
Teacher Retirement System prior to September
1, 1947; and, any employee of a State Eleemosy-
nary Institution beginning employment for the
first time after September 1, 1947, be con-
sidered as eligible for membership in the Teach-
er Retirement System if such employee is ac-
tively engaged in teaching or supervision of
teaching; and, if such employee is not engaged
in active teaching he shall not be considered
eligible for membership in the Teacher Retire-
ment System.

"This rule was passed after the State Employees' Retirement System was authorized. The Board of Trustees would like to have your opinion relative to their authority for passing said rule determining eligibility of employees of State Eleemosynary Institutions with reference to the Teacher Retirement System subsequent to September 1, 1947. . . ."

Article 2922-1, Section 1, par. (6), V.C.S., defines "member" in the Teacher Retirement System as any teacher included in the membership of the System as provided in Section 3 of this Act. Article 2922-1, Section 1, par. (3), defines "teacher" as used in Section 3 as follows:

"(3) 'Teacher' shall mean a person employed on a full-time, regular salary basis by boards of common school districts, boards of independent school districts, county school boards, Retirement Board of Trustees, State Board of Education and State Department of Education, boards of regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. In all cases of doubt, the Retirement Board of Trustees, hereinafter defined, shall determine whether a person is a teacher as defined in this Act. A teacher shall mean a person rendering service to organized public education in professional and business administration and supervision and in instruction, in public schools as defined in Subsection (2) of this Section." (Emphasis ours)

Article 2666, V.C.S., providing for the creation of school districts for eleemosynary institutions, reads:

"The State Board (of Education) is authorized to create new school districts at such of the several Eleemosynary Institutions of this State, including the State Orphan Home, or at any and all orphan homes

> or like institutions that may be estab-
> lished by any Fraternal organization, or
> at any Institution for dependent or de-
> linquent children maintained by any County
> in this State; provided, that the number
> of children within the scholastic age in
> each instance be sufficient to justify
> such action.  The territorial limits in
> each case shall be co-extensive with the
> property lines of the institutions."

and Article 2667 provides that such school districts,
when created, shall be controlled as far as possible by
the law pertaining to independent school districts.
Gregg v. Hill, 58 S.W. (2d) 150.  Such school districts
created in the eleemosynary institutions of this State
are subject to and entitled to the benefits of the
Teacher Retirement System of Texas.

H. B. 168, Acts 1947, 50th Leg., R. S., Ch.
353, (to be compiled in Vernon's Civil Statutes as Arti-
cle 6228a) providing for the establishment of the Em-
ployees' Retirement System of Texas as of September 1,
1947, provides that a "member" shall mean any employee
included in the membership of the System as provided in
Section 3 of this Act, (Art. 6228a, Sec. 1, par. E).
Article 6228a, Sec. 3, par. A, reads in part as follows:

> "Sec. 3.  The membership of said Re-
> tirement System shall be composed as fol-
> lows:

> "A.  All persons who are employees on
> the date as of which the Retirement System
> is established shall become members as of
> that date as a condition of their employment
> unless within a period of ninety (90) days
> after September 1, 1947, any such employee
> shall file with the State Board of Trustees
> on a form prescribed by such Board, a notice
> of his election not to be covered in the mem-
> bership of the System and a duly executed
> waiver of all present and prospective bene-
> fits which would otherwise inure to him on
> account of his participation in the Retire-
> ment System.  The following persons shall,
> however, not be eligible for participation
> in the Retirement System:

"1. . . . any person who is covered by the Teachers Retirement System. . ." (Emphasis ours)

and Section 1, par. C, of the Employees Retirement Act defining "employee" as used therein, prevides that "employee" shall not include any person who is covered by the Teacher Retirement System of the State of Texas.

It is, therefore, clearly and specifically provided that any State employee who is covered by the Teacher Retirement System shall not be eligible for membership in the Employees' Retirement System.

The provisions of the rule passed by the Teacher Retirement Board on July 23, 1947, hereinabove quoted, insofar as it pertains to employees of State Eleemosynary Institutions who are members of the Teacher Retirement System prior to and on September 1, 1947, is, in all respects proper and legal in the light of the above-quoted statutes.

In contemplation of the establishment of the Employees Retirement System as of September 1, 1947, the Teacher Retirement Board also provided in its rule passed on July 23, 1947, that any employee of a State Eleemosynary Institution beginning employment for the first time after September 1, 1947, be considered as eligible for membership in the Teacher Retirement System if such employee is actively engaged in teaching or supervision of teachers; and if such employee is not engaged in active teaching, he shall not be considered eligible for membership in the Teacher Retirement System. We find no conflict in the provisions of this rule with either the Teacher Retirement Act or the Employees Retirement Act, and are of the opinion that ample authority rests in the Board of Trustees of the Teacher Retirement System to promulgate same by virtue of the provisions of Section 1, par (3), Article 2922-1, V. C. S.

## SUMMARY

The rule passed by the Board of Trustees of the Teacher Retirement System of Texas on July 23, 1947, relative to the eligibility of employees of the State Eleemosynary Institutions to membership in the

Teacher Retirement System after September 1, 1947, when the Employees Retirement System may be established, is legal and proper, being in accordance with the provisions of Article 2922-1, Sec. 1, par. (3), V.C.S., and Article 6228a, Sec. 1, par. C and Sec. 3, par. A, V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison
Assistant

CEO:egt;djm

APPROVED:

ATTORNEY GENERAL